350

## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Karen Orellana

v.

Region Ten Community
Services Board
and Daisy Ross

November 13, 2002

Case No. (Law) 00-234

BY JUDGE EDWARD L. HOGSHIRE

The instant action arose from injuries inflicted by a third party on Karen Orellana while she was seeking admittance to Region Ten's Mohr Center on October 4, 1999. Orellana has brought suit against Region Ten and a Region Ten employee, Daisy Ross, alleging negligence and gross negligence in the failure of the defendants to maintain a safe premises for business invitees. The Court heard argument on these issues on November 7, 2002. For reasons set forth below, the Court rules that Region Ten and its employee, Daisy Ross, are protected by sovereign immunity against claims of negligence.

Plaintiff has conceded that Region Ten enjoys the same degree of sovereign immunity as the City of Charlottesville, the least protected of the six local governments that established it. A municipality is immune for negligence in performing governmental, but not proprietary, functions. *VEPCO v. Hampton Redev. and Hous. Auth.*, 217 Va. 30, 34 (1976). Whether an entity's services are governmental depends on whether the services are provided "for the general benefit and well-being of its citizens." *Edwards v. City of Portsmouth*, 237 Va. 167, 172 (1989). In *Edwards*, the Virginia Supreme Court ruled that providing ambulance services was a governmental function

because it was "directly tied to the health, safety, and welfare of the citizens." *Id*. at 171. The service was not rendered proprietary by the charging of fees, or by the fact that private entities may provide similar services. The Virginia Supreme Court has also held that providing hospital services and garbage collection are governmental functions. *City of Richmond v. Long*, 58 Va. (17 Gratt.) 375 (1867); *Ashbury v. Norfolk*, 152 Va. 278 (1929).

Region Ten operates a social detoxification program at the Mohr Center which provides monitoring and supervision of clients as they withdraw from alcohol and other drugs. The Mohr Center benefits the common good of all citizens by diverting public inebriates from such overcrowded systems as jail or emergency rooms. It serves to promote the public health by providing services for alcohol and drug addiction. The Mohr Center's function is not rendered proprietary by the fact that it is a non-medical facility or by its status as the Commonwealth's only private social detox center. By operating the Mohr Center, Region Ten serves an important governmental function. Accordingly, it has the privilege of sovereign immunity against claims of negligence.

In Virginia, governmental employees who work for an immune entity may share in the sovereign's protection from suit if they satisfy a four-part test:

(1) Nature of the employee's function;

(2) Extent of government's interest in and involvement in function;

(3) Control and direction by governmental entity over employee;

(4) Whether the alleged wrongful conduct involved judgment and discretion.

*Messina v. Burden*, 228 Va. 301 (1984); *James v. Jane*, 221 Va. 43 (1980). This immunity applies only to acts of negligence, and not to intentional or grossly negligent acts. *James*, 221 Va. at 53.

Daisy Ross satisfies all four parts of the test. First, she was a detox technician at the Mohr Center at the time of the incident. Second, she determined whether people who came to the Mohr Center should be admitted into the program, which is an important governmental function. Third, she performed this function under the control and direction of a supervisor, pursuant to Mohr Center policies and procedures. Finally, her conduct involved judgment and discretion: The act of unlocking the door is the first step in the process of determining whether or not to admit a person to the Mohr Center program. The fact that there was a lock on the door, creating an opportunity for a detox technician to decide whether or not to allow a person to enter, demonstrates that the function was discretionary. If Ross' function was purely ministerial and she was supposed

to admit every person who presented himself at the door, then the door would have simply been left unlocked.

The Court finds that Region Ten, and its employee Daisy Ross, are protected from negligence by the doctrine of sovereign immunity. However, because the Court cannot rule as a matter of law that the acts of Daisy Ross do not constitute gross negligence, as alleged by the Plaintiff, the demurrer will be overruled in this respect.